The second motion scheduled for argument is 1737-81, PSARA Energy v. ST Shipping. Thank you. Good morning, your honors. May it please the court, Peter Bemke on behalf of the movement and third-party garnishee, ST Shipping. Your honors, the premise of our motion today is very straightforward. The district court, in this case, issued a writ of maritime garnishment over my client's debt to pay an arbitration award to the defendant, Space Shipping. The district court vacated that garnishment. The appellant asked the district court to stay the vacated order. That request was denied. The appellant asked this court to stay the vacated order. That request was denied. My client subsequently paid the arbitration award. That means that the debt under the award is extinguished. The property that was the subject of the garnishment no longer exists. So even if this court were to agree with the appellant on the merits of the appeal, reverse the vacated order, and reinstate the garnishment, there's nothing left to garnish. The property is gone. The case is therefore moot. So why are we here? What relief does the appellant contend is available on its appeal? The appellant argues that the court can take the debt that was fully extinguished and paid to recreate that debt and to order my client to pay it again, either to the appellant or into the district court's registry. So essentially what the appellant is arguing here is that even though the garnishment was vacated, the request for a stay were denied, that the garnishment remains in full force and effect throughout the course of the appeal. And that contention is wrong. It is obviously wrong. We cited numerous cases in our brief that stand for what I think is the very logical proposition that once a garnishment has been vacated, the garnishment no longer restrains the subject property, and the garnishee is free to dispose of that property. Is there any harm to having the merits panel address these issues in conjunction with the merits? I mean, after all, there's an English judgment that's occurred in the meantime. We have fairly out of the ordinary notions of quasi and rem and in some way because of the pendency of appeals here, why not just have the merits panel deal with both of these? Your Honor, my client is a third party garnishee. We really don't have a stake in the underlying dispute between SARA and the defendant's space shipping. And it's a very well established policy going back, I think, as old as maritime law and attachments, that my client should be protected from the costs and the expense and frankly the waste of resources that go into having to litigate an appeal all the way through the merits. We've already gotten to the point where we've been involved in numerous actions, both at the district court level, at the high court level in England, and my client just wants out. So frankly, it's a resource issue. It's an issue of judicial resources as well. And the issue here that's raised by the motion is really very straightforward. We don't really have to deal with issues of comity. We don't have to deal with complicated- There is no dispute that the debt was paid. That's correct, Your Honor. And the amount is undisputed as well. That is also correct, Your Honor. What about the effect of the English court ruling? The English court ruling, the panel could get there on a res judicata basis by applying the ruling of the English high court as to the effects of our payment of the award. But frankly, we can take that out of it. Because my client could have just, following the vacator of the award and the denial of the request for a stay, could have just written a check and paid the award over to space shipping, and the legal effect for purposes of this motion would have been the same. The debt is paid. It does not exist anymore. And so a reinstated garnishment would have no effect, no practical real life purpose. There's no property. Thank you. Thank you, Your Honor. I'd like to reserve the remainder of my time, if I could. All right, I guess you have a minute left. Thank you, Your Honor. Thank you. Mr. Gaitas. May it please the court, I am George Gaitas, representing the appellant, SARA Energy Limited. The issue here is whether the appellee garnishee, ST Shippen, can move this appeal in this admiral case of maritime attachment and garnishment by paying the defendant the arbitration award that was attached in its hands. The answer to this should be an emphatic no. Did you agree that the debt has been paid and that the amount is undisputed? An amount has been paid, but I do not agree that the debt has been paid, because the debt was attached in the hands of the debtor, and the attachment continued in effect by reason of this appeal. Removal of the debt and payment does not extinguish it in this circumstance, does not defeat this court's jurisdiction, and it does not moot the case. So held, Republic National. What is it that you actually want? Suppose you win and the garnishment is reinstated, then what? The parties, all the parties, Your Honor, are before the court. The defendants, the garnishee. The court can order the security to be reinstated. And then what? I mean, the security- And then the court- But excuse me, if the amount has been paid, what is really at stake in the case? I mean, there's no point having a garnishment if nothing's going to come of it. You garnish something to secure a debt. So the argument is that they paid the wrong party, or that your client is entitled to more money or different money. What is it that the garnishment is going to secure? The garnishment is going to secure the damages that the plaintiff has suffered. That's what it is going to secure. The payment was made- What's the rates? What is it that is going to be secured if it's already been paid? What if we reverse the district court's vacatur? What happens? The rest is a debt, and it is a debt that follows a debtor. The debtor's in Connecticut. The rest, it's not like a thing, a ship. It's an obligation. This obligation was not extinguished. And this is the effect of Republic National Bank of the United States. The rest was paid out, and it is the effect of the decisions from the Ninth Circuit Court of Appeals that followed that. But isn't the rest the basis for the court's jurisdiction in Rem in Connecticut? It is everywhere, Your Honor. It is indeed the court's jurisdiction over the rest. But the district court never lost jurisdiction because of the payment. Because once the debt is attached, it is in the custody of the law, and that custody continues pending the appeal. The debt, the cases that our opponents cite that produce mootness are all from the context of the Foreign Sovereign Immunities Act, where the presence of the property in the jurisdiction, in the United States, is necessary in order for it to be effective. That's statutory law. Here, there is no such requirement. This is in admiralty. It is from a different order of being entirely. This Foreign Sovereign Immunities Act is statutory, admiralty is separate. And all of the cases following Republic National Bank that have been decided involving the removal of the rest from the jurisdiction, whether it would be dispersing the money that was attached, having the property leave the jurisdiction, have held that the rest, that the jurisdiction of the court remains effective, notwithstanding the removal of the rest. And there is another important point to be made. This is an actual quasi-in rem. It has a dual objective, to bring the parties in the jurisdiction and to secure the claim. The first of these objectives was accomplished, because the parties are, before the court, they are in disappeal, and the court can order them to provide additional security, to pay damages. The court has not lost jurisdiction, and effect of Rule B has been accomplished. So, jurisdiction has not been lost. Thank you, Mr. Gaitas. We have your argument. Mr. Behnke, you have about a minute. Thank you, Your Honor. Your Honors, I'll just make a couple of quick points in response to Mr. Gaitas' argument. First, we are a third-party garnishee. There's no cause of action pending against us. There's no other purpose for us to be in this case, other than the fact that we allegedly have the security in our hands, this debt to pay the arbitration award. Mr. Gaitas, I think, really put a pin in why this appeal is futile. He's asking the court to reinstate the security, meaning he's going to ask my client to go out of pocket again, and pay the award again, either to his client or into the district court's registry. And, of course, your point is not only did you pay that debt to the person to whom it is owed, or the entity to which it was owed, but you did so not in defiance of the garnishment or in violation of any court order, but after you effectively won the case in the district court, stays were denied, and you were then, I suppose, subject to being sued by the other party to enforce their debt. That is exactly correct, Your Honor, and that is why we had to go to the high court in England to make sure that my client was protected from the competing claims in both jurisdictions. But the end result of that process, we followed the rules, we followed the process, we paid the debt. The property no longer exists. There is no possible, in reality, relief that can be afforded to Sarah based on this appeal. That means that the court lacks subject matter jurisdiction because the matter is moot. Very good. Thank you very much. Thank you, Your Honor. We'll take the matter under advisement. Thank you, Your Honor.